**LAW OFFICES OF THOMAS F. GALLAGHER**
Thomas F. Gallagher, Esq., SBN 246856
964 5TH Avenue, Suite 202
San Diego, CA 92101
P: (858) 926-5797
F: (858) 435-4369

**NOGALES LAW CENTER**
Francisco S. Nogales, SBN 212819
311 "F" Street, Suite 206
Chula Vista, CA 91910
P: (619) 422-2333
F: (619) 422-2332

Attorneys for: plaintiff SANTOS A. VASQUEZ

FILED
2010 APR 14 AM 11:57
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Case No. '10 CV0776 BTM RBB

SANTOS A. VASQUEZ, an individual

Plaintiff,

vs.

CITIMORTGAGE, INC., a New York Corporation, and DOES 1 through 50, inclusive.

Defendants.

**COMPLAINT FOR:**
(1) DECLARATORY RELIEF;
(2) CONTRACTUAL BREACH OF GOOD FAITH AND FAIR DEALING;
(3) VIOLATIONS OF TRUTH IN LENDING ACT (15 U.S.C. § 1601 et seq.);
(4) VIOLATIONS OF RESPA (12 U.S.C. § 2601, et seq.);
(5) FRAUD
(6) BREACH OF FIDUCIARY DUTY
(7) CAL. CIV. CODE §1916.7(a)(8);
(8) UNFAIR AND DECEPTIVE ACTS AND PRACTICES (UDAP)
(9) UNCONSCIONABILITY; and, INJUNCTIVE RELIEF

**JURY TRIAL DEMANDED**

Plaintiff, SANTOS A. VASQUEZ, an individual (hereafter referred to as "Plaintiff"), alleges as follows:

COMPLAINT FOR DAMAGES

1

## INTRODUCTION

1. This Complaint is filed under the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq. to enforce Plaintiff's right to rescind a consumer credit transaction, to void the Defendants' security interest in Plaintiff's residence, and to recover actual and statutory damages, reasonable attorney's fees and costs by reason of Defendants' violations of TILA and Regulation Z, 12 C.F.R. § 226 (Reg. Z). Plaintiff seeks actual and statutory damages as to defendant CITIMORTGAGE, INC. for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.
Plaintiff seeks actual and statutory damages under California state law for failure to provide loan documents in his native Spanish language.

## JURISDICTION

2. Jurisdiction is conferred on this court by U.S.C. 1640(e), 28 U.S.C. §§ 1331, 1337 and through pendent jurisdiction. The court has authority to issue declaratory judgment pursuant to 28 U.S.C. § 2201.

## COMMONT ALLEGATIONS

3. At all times mentioned in this Complaint ("Complaint"), Plaintiff SANTOS A. VASQUEZ (hereafter "VASQUEZ" or "Plaintiff") was and is an individual consumer residing in the County of San Diego and was and is the owner of certain real property located in the County of San Diego and generally described as 558 Bear Valley Parkway, Escondido, California 92025 ("Residence").

4. Plaintiff is informed and therefore believes that Defendant CITIMORTGAGE, INC. (hereafter "CITI") is a federal banking corporation, organized under the laws of the State of New York and authorized to do business in the State of California. Plaintiff is informed and believes that CITI is a wholly owned banking and lending branch of Citicorp with its principal place of business at CITIMORTGAGE, INC., 1000 Technology Drive MS 140 O'Fallon, Missouri. CITI was and is in the business of originating consumer credit transactions

described in TILA, and/or the purchasing and otherwise taking assignment of consumer credit transactions described in TILA, originated by others and/or securitizing consumer credit transactions through sale of "pooled" mortgage-backed securities, of which plaintiff is informed and believes that CITI included its security interest in plaintiff's residence.

5. DOES I through 50 are unknown to plaintiff. Plaintiff is informed and believes that these unknown defendants and each of them claim some right, title, estate, lien or interest in the property which is the subject of this law suit. The claims of each of them constitute a cloud on plaintiff's title to the property. Plaintiff is informed and therefore believes, and on that basis alleges that each fictitiously named DOE is responsible in some way for the events alleged herein. Plaintiff will seek leave of the court to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when ascertained.

6. Furthermore, Plaintiff is informed and believes that at all times mentioned herein, the DOES referred to are individuals and/or business entities were agents, principles, employees, employers and co-conspirators of each and every other named or unnamed Defendant in this Complaint. Plaintiff is informed and therefore believe and on that basis allege that each said Defendants is and at all relevant times herein, was acting within the scope and consent of the remaining named and unnamed Defendants.

7. In this complaint, whenever an act or omission of a corporation or business entity is alleged, the allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers directors of the corporation or business entity.

### FACTS COMMONT TO ALL CAUSES OF ACTION

8. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

9. On or about February 9, 2006 (hereinafter referred to as "Closing Date") Plaintiff entered into a consumer credit transaction ("Transaction") with defendant CITI, by obtaining a $453,556.17 mortgage loan secured by Plaintiff's principal residence, (RESIDENCE)[1]. This note was secured by a First Trust Deed on the Property in favor of CITI. The purpose of the Transaction was personal, family and household in that it paid off an existing mortgage held by DOWNEY FEDERAL SAVINGS AND LOAN ASSOCIATION, F.A.

10. Plaintiff does not speak, read or write English with ease. On information and belief this information was known or should have been known to Defendants and its agents at the time of the Transaction. Plaintiff did not understand the English language disclosure documents provided by Defendants' agents and Defendants knew or should have known of this fact.

11. On or about February 9, 2006, Plaintiff, in the course of the Transaction, did not receive required Transaction documents in the Spanish language. This is evident by defendants' later attempts to provide Spanish language documents.[2]

12. As a result of their mortgage activities, Defendants and each of them are and were subject to and must comply with the Federal Truth In Lending Act (hereinafter referred to as "TILA")[15 U.S.C. § 1601-16666j] and with the Act's corresponding Regulation Z (hereinafter referred to as "RegZ")[24 C.F.R § 3500.1-3500.17]; the Real Estate Settlement Procedures Act (hereinafter referred to as "RESPA")[12 U.S.C. § 2601 et.seq.]; California Business and Professions Code [§17200; Federal Trade Commission § 5]; 24 Code of Federal Regulations § 3500.10; Unfair and Deceptive Business Practices and Acts [UDAP Statutes]; and California Civil Codes § 1916.7-[multiple sections] §337; and §226.23(3).

---

[1] Please see "Deed of Trust", dated February 6, 2006, attached hereto as "Exhibit A".
[2] Please see, e.g. "Truth-in-Lending Disclosure Statement" (English), attached hereto as "Exhibit B"; cf CMI Workout Information Sheet (Spanish), attached hereto as "Exhibit C".

COMPLAINT FOR DAMAGES

4

13. On information and belief, Citicorp Trust Bank FSB's, parent company, CITIMORTGAGE, INC. was an alter ego of the loan vehicles sold through Citicorp Trust Bank, FSB.

14. On information and belief, Citicorp Trust Bank FSB is a wholly-owned subsidiary of CITIMORTGAGE, INC.

15. In addition, and unbeknownst to Plaintiff, CITI, illegally, deceptively and/or otherwise unjustly, qualified Plaintiff for a loan which CITI knew or should have known that Plaintiff could not qualify for or afford by, *e.g.*, the underwriter approving the subject loan based upon credit scores and the borrower's stated income only. Had the lender used a more accurate and appropriate factor, such as Tax Forms and a more determinative level of scrutiny of determining the debt-to-income ratio, Plaintiff could not have qualified for the loan in the first place. Consequently, Citicorp Trust Bank FSB sold Plaintiff a loan product that it knew or should have known would never be able to be fully paid back by Plaintiff. Citicorp Trust Bank FSB, ignored long-standing economic principals of underwriting and instead, knowingly, liberally, greedily and, without any regard for Plaintiff's rights, sold Plaintiff a deceptive loan product.[3]

16. On information and belief, Defendants, and each of them, neither explained, in a comprehensible manner the workings of the entire mortgage loan transaction, how the rates, finance charges, cost and fees were computed, nor the inherent volatility of the loan product(s) provided by Defendants.

17. Plaintiff's primary language is Spanish. As such, Plaintiff does not speak, read or write English at the level of the average American consumer. Defendants did not provide plaintiff with Spanish translations of the English-only documents. Plaintiff therefore did not comprehend the documents provided by defendants at the time plaintiff entered into the loan. Plaintiff did not comprehend the terms of the loan or the features and implications of the pay-option ARM loan.

---

[3] Please see Plaintiff's redacted "Uniform Residential Loan Application, attached as "Exhibit D".

COMPLAINT FOR DAMAGES

5

18. On information and belief, Defendants did not provide an interpreter to explain the terms of the loan to the plaintiff.

## SUMMARY OF LENDING VIOLATIONS:

19. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

20. Plaintiff is informed and believes and therefore alleges that Defendants did not comply with the requirement to provide Plaintiff with a Mortgage Loan Origination Agreement in the Spanish language. Specifically defendants failed to clearly and conspicuously disclose, in the Spanish language, the existence of an unavoidable pre-payment penalty.[4] The prepayment penalty addendum to Note adds a penalty of 3 % of unpaid principal balance for amounts prepaid prior to one year after the date of the note, a 2 % penalty for amounts prepaid prior to two years after the date of the note; and a penalty of 1 % for amounts prepaid prior to three years after the date of the note.[5]

21. Plaintiff is informed and believes and therefore alleges that based on a Real Income Analysis, with type of take home income Plaintiff possess and that was clearly disclosed to Defendants, that the borrower would not be able to support the home payment over an extended period.

22. Plaintiff is informed and believes and therefore alleges that Defendants failed to respond to plaintiffs' Qualified Written Request (QWR)[6] and rescission letter requesting verification of his debt and financial information related to the transaction.

23. Plaintiff is informed and believes and therefore alleges that Defendant's breached their fiduciary duty to Plaintiff because they knew or should have known that the Plaintiff will or had a strong likelihood of defaulting on this loan, they have a fiduciary duty to the borrower to not place them in harm's way through such a loan.

---

[4] Please see "California Governing Law/Prepayment Penalty Addendum to Note," attached hereto as "Exhibit E."
[5] Please see "California Governing Law/Prepayment Penalty Addendum to Note," attached hereto as "Exhibit E."
[6] Please see the first page of Plaintiff's 1/5/10 QWR and proof of certified mail by return receipt, attached as "Exhibit F".

misleading advertising in violation, rising to unfair and deceptive business practices, in violation of California Business and Professions Code § 17200 and Unfair and Deceptive Acts and Practices statutes.

## FIRST CAUSE OF ACTION

### Declaratory Relief

### (Against All Defendants)

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

27. An actual controversy has arisen and now exist between Plaintiff and Defendants regarding their respective rights and duties, in that Plaintiff contends that Defendants did not have the right to foreclose on the Subject Property because Defendants' security interest in the Subject Property has been rendered void by operation of law, pursuant to 24 Code of Federal Regulations 3500.10, the California Civil Code, the Equal Opportunity Credit Act, the Federal Trade Commission Act, California Business and Professions Code, UDAP, TILA, and RESPA. Thus the purported power of sale by Defendants no longer applies. Plaintiff further contends that Defendants do not have the right to foreclose on the Subject Property because Defendants did not properly comply with proper delivery procedures under RESPA. Plaintiff further contends that the Defendants perpetrated a fraudulent loan transaction. Plaintiff further contends that Defendants' security interest in his Residence is null and void as a result of Defendant selling its security interests in Plaintiffs' Residence to unknown DOE defendants in a subsequent sale of mortgage-backed securities, thus extinguishing Defendants' standing to invoke the power of sale on Plaintiff's residence.

28. Plaintiff requests that this Court find the purported power of sale contained in the Loan of no force and effect at this time, because Defendants' actions in the processing, handling and attempted foreclosure of this loan has contained numerous violations of State and Federal laws designated to protect borrowers, which has directly caused Plaintiff to be at

an equitable disadvantage to Defendants. Plaintiff further requests that title to the Subject Property remain in Plaintiff's name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation.

29. As a result of the Defendants' actions, Plaintiff has suffered damages according to proof, and seeks declaratory relief that Defendants' purported power of sale is void and has no force or effect against the Subject Property.

30. Pursuant to California Code of Civil Procedure § 337.3, an action based upon the rescission of a contract in writing, the time begins to run from the date upon which the facts that entitle the aggrieved party to rescind occurred. Where the ground for rescission is fraud or mistake, the time does not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake. The time does not begin to run until the representation becomes false.

31. The federal doctrine of fraudulent concealment operates to toll the "statute of limitations" where a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part. Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946) (quoting Bailey v. Glover, 88 U.S. (21 Wall.) 342, 348 (1874)); see Maggio v. Gerard Freezer & Ice Co., 824 F.2d 123, 127 (1st Cir. 1987).

32. Here, Plaintiff has only two English copies of the Notice of Right to Cancel. Plaintiff should have received two *Spanish* copies each of the Notice of Right to Cancel. Therefore, the borrowers have an extended 3-year right to cancel this loan in accordance with § 226.23 (3).

## SECOND CAUSE OF ACTION

### Contractual Breach of Implied Covenant of Good Faith and Fair Dealing

### (Against All Defendants)

33. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

34. Every contract imposes upon each party a duty of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

35. Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint. Defendants were required to exercise such power in good faith.

36. Defendants willfully breached their implied covenant of good faith and fair dealing with Plaintiff when Defendants:

    a. Willfully failed to provide Spanish language translations to plaintiff.

    b. Willfully placed Plaintiff in a loan that he did not qualify for, could not afford, and subjected him to further financial detriment, while providing Defendants with financial benefits they would not have otherwise enjoyed.

37. As a result of Defendants' breach of this covenant, Plaintiff has suffered injury and has caused Plaintiff the threat of loss of his home. Plaintiff has incurred and continues to incur legal fees, including attorney fees and costs, as well as expenses to right this wrong.

38. Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

## THIRD CAUSE OF ACTION

### Violation of TILA, 15 U.S.C. § 1601, et.seq.

**(Against All Defendants)**

39. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

40. Defendants violated TILA by failing to provide Plaintiff with accurate Spanish-language material disclosures required under TILA and not taking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar loan products that might be more advantageous for the borrower under the same qualifying matrix.

41. Any and all statute[s] of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, et.seq. were tolled due to Defendants' failure to effectively provide the required disclosures and notices.

42. An actual controversy now exist between Plaintiff, who contended he has the right to rescind the loan on the Subject Property alleged in this Complaint, and based on information and belief, Defendants deny that right.

43. As a direct and proximate result of Defendants' violations Plaintiff has incurred and continue to incur damages in an amount according to proof but not yet ascertained including without limitation, statutory damages and all amounts paid or to be paid in connection with the transaction.

44. Defendants were unjustly enriched at the expense of the Plaintiff who is therefore entitled to equitable restitution and disgorgement of profits obtained by Defendants.

45. Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

46. As a result of the failure of defendants CITI and CGMRC failure to comply with the provisions of the TILA and Reg. Z, Plaintiff is entitled to a complete release from any obligation to defendants CITI and CGMRC and any of their assigns and to expungement of the Deed of Trust recorded against the Residence.

47. As a further result of the failure of defendants CITI and CGMRC to comply with the provisions of the TILA and Reg. Z, Plaintiffs are entitled to:

(a) Rescission of the Transaction;

(b) Termination of any security interest in Plaintiff's Residence created under the Transaction.

(c) Return of any money or property given by Plaintiff to anyone, including Defendants in connection with the Transaction;

(d) Statutory damages of $2,000.00 for Defendants CITI and CGMRC's failure to respond properly to Plaintiff's Rescission Notice;

(e) Forfeiture of return loan proceeds; Plaintiff will cause to be returned principal amounts subject to offset and third-party refinance of plaintiff's Transaction with Defendants.

(f) actual damages in an amount to be determined at trial; and

(g) Costs and reasonable attorney's fee.

## FOURTH CAUSE OF ACTION

### Violation of RESPA, 1 U.S.C. § 2601 et. seq.

### (Against All Defendants)

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. The loan to plaintiff was a federally-regulated mortgage loan as defined in RESPA.

50. Housing and Urban Development (HUD's) 1999 Statement of Policy established a two-part test for determining the legality of lender payments to mortgage brokers for table funded transactions and intermediary transactions under RESPA:

(1) Whether goods or facilities were actually furnished or services were actually performed for the compensation paid and;

(2) Whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed.

In applying this test, HUD believes that total compensation should be scrutinized to assure that it is reasonably related to the goods or services furnished or performed to determine whether it is legal under RESPA. The interest and income that Defendants have gained is disproportionate to the situation Plaintiff find themselves in due directly to Defendant's failure to disclose that they will gain a financial benefit while Plaintiff suffer financially as a result of the loan product sold to Plaintiff.

51. No separate fee agreements, regarding the use of Citicorp Trust Bank FSB "Citi Mortgage" as the index for the basis of the loan, Disclosures of additional income due to interest rate increases or the proper form and procedure in relation to the Borrower's Rights to Cancel were provided.

52. Defendants violated RESPA because the payments between the Defendants were misleading and designed to create a windfall. These actions were deceptive, fraudulent and self serving.

53. As a proximate result of Defendants' failure to comply with RESPA, Plaintiff is entitled to statutory damages of $1,000.00, actual damages in an amount to be determined at trial, and costs and reasonable attorney's fee.

## FIFTH CAUSE OF ACTION

### Fraud

### (Against All Defendants)

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. Defendants intentionally, willfully and wantonly engaged in the acts with the purpose of deceiving Plaintiff and inducing them to part with their personal and real property buy using a stated income loan.

56. The credit application and or available W-2's provided by Plaintiff were enough, in addition to the application itself for Defendants to know what type of loan should

be offered, and what the Plaintiff could not afford. Any falsification of a credit application by a broker or seller for the purpose of securing a loan is de facto fraud. U.S. v. Robinson, 4th Circuit, 2004.

57. Defendants engaged in the unlawful suppression of facts or circumstances by one of the parties to a contract form the other, for self-serving purposes and financial gain, which in justice ought to be made know.

58. Plaintiff justifiably relied on Defendants deception, which was the actual and proximate cause of Plaintiff's damages.

59. Plaintiff is entitled to exemplary and punitive damages for defendants fraudulent conduct in the sum to be determined at trial. Further, fraudulent concealment avoids the contract.

## SIXTH CAUSE OF ACTION

**Breach of Fiduciary Duty**

**(Against All Defendants)**

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. Defendants owed a fiduciary duty to Plaintiff and breached that duty by failing to advise or notify Plaintiff when Defendants broker knew or should have known that Plaintiff will or has a likelihood of defaulting on the loan, Defendants have a fiduciary duty to the borrower to not place them in that loan (in harm's way).

62. As a result of Defendants' breach of their fiduciary duty, Plaintiff suffered harm, including credit damage and the imminent loss of his home.

## SEVENTH CAUSE OF ACTION

**Violation of California Civil Code § 1916.7 a (8)**

**(Against All Defendants)**

63. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64. A Borrower is permitted to repay the loan in whole or in part without prepayment charge at any time, and no fee or other charge may be required by the lender of the Borrower as a result of any change in the interest rate or the exercise of any option or election extended to the Borrower.

65. The current loan contains an Adjustable Rate Mortgage. Within that Adjustable Rate Mortgage, a prepayment penalty was incorporated in to this loan and therefore in violation of the law because the interest adjusts monthly on this loan. Further, Defendant's prefer the loan not be paid back rapidly as it will decrease their profit margin. As such, they have incorporated a pre-payment penalty.

66. As a proximate result of Defendants' actions, Plaintiff has been damages in an amount not yet ascertained, to be proven at trial.

## EIGTH CAUSE OF ACTION

### Unfair and Deceptive Business Act Practices (UDAP)

### (Against All Defendants)

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. Defendants failed to undergo a diligent underwriting process for this loan an alleged in this complaint. They also failed to properly adjust and disclose facts and circumstances relating to Plaintiff Adjustable Rate Mortgage and placed Plaintiff in a loan, by way of state income and misleading facts, which they should never have been approved for because they could not afford it. Defendants did have that knowledge of these facts, circumstances and risks but failed to disclose them.

69. By reason of Defendants fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, said Defendant has violated California Business and Professions Code § 17200 et seq. by consummating an unlawful, unfair, and fraudulent business practice,

designated to deprive Plaintiff of his/her home, equity, as well as his/her past and future investment.

70. By reason of the foregoing, Plaintiff has suffered and continues to suffer damages in a sum which is, as yet ascertained.

## NINTH CAUSE OF ACTION
### Unconscionability
### (Against All Defendants)

71. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72. The terms under which defendants sold the subject loan to plaintiff were wholly unconscionable.

73. The circumstances under which defendants sold the subject loan to plaintiff were wholly unconscionable.

74. Plaintiff has been harmed by said unconscionability.

**WHEREFORE**, Plaintiff prays for relief as set forth below as to all Defendants:

A.  Declare the security interests in the Residence void;

B.  Rescind the Transaction;

C.  Order Defendants to take all action necessary to terminate any security interest in Plaintiff's Residence created under the Transaction, and that Court declare all such security interests void, including but not limited to the deed of trust related to the Transaction;

D.  Order the return to Plaintiff if any money or property given by Plaintiff to anyone in connection with the Transaction'

E.  Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's Residence, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of that property;

---
COMPLAINT FOR DAMAGES

15

F. Award Plaintiff statutory damages for Defendants' failure to respond properly to Plaintiff's rescission notice, in the amount of twice the finance charge in connection with the Transaction, but not less than $200 or more than $2,000 as provided by 15 U.S.C. § 1640(a); to award Plaintiff statutory damages of $1,000 as provided by 12 U.S.C. § 2605(f).

G. Order that, because Defendants failed to properly respond to Plaintiff's notice of rescission, Plaintiff has no duty to tender, but, in the alternative, if tender is required, determine the amount of the tender obligation in light of all the Plaintiff's claims, and order Defendants to accept tender on reasonable terms and/or over a reasonable period of time.

H. Award of actual damages in an amount to be established at trial.

I. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1640(a);

J. For restitutionary disgorgement of all profits Defendants obtained as a result of their intentional fraud, deceit, misrepresentation, concealment and/or non-disclosure of the ruinous terms of the subject loan sold to plaintiff.

K. For reasonable attorney's fees permitted by statute

L. For such other relief as is just and proper.

DATED: April 9, 2010          LAW OFFICES OF THOMAS F. GALLAGHER

_____
Thomas F. Gallagher, Esq.
Attorney for Plaintiff SANTOS A. VASQUEZ

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury to the full extent permitted by law.

DATE: April 9, 2010          LAW OFFICES OF THOMAS F. GALLAGHER

_____
Thomas F. Gallagher, Esq.
Attorney for Plaintiff SANTOS A. VASQUEZ

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET



The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SANTOS A. VASQUEZ

**DEFENDANTS**
CitiMortgage et al

(b) County of Residence of First Listed Plaintiff  **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **NEW YORK**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED 2010 APR 14 AM 11:58 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY ____ DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF THOMAS F. GALLAGHER
964 5th Avenue, Suite 202, San Diego, CA 92101 (858) 926-5797

Attorneys: **10 CV 0776 BTM RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1601 et seq., 12 U.S.C. § 2601. et seq.
Brief description of cause:
TILA, RESPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 453,556.17
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD
_Joena_ _deputy clerk_

**FOR OFFICE USE ONLY**
RECEIPT # 1266   AMOUNT $350   APPLYING IFP lm 4/14/10   JUDGE ____   MAG. JUDGE ____

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS012256
Cashier ID: kdelabar
Transaction Date: 04/14/2010
Payer Name: GALLAGHER
----------------------------------
CIVIL FILING FEE
 For: VASQUEZ V. CITIMORTGAGE
 Case/Party: D-CAS-3-10-CV-000776-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 191
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```