# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS A. VASQUEZ,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>CITIMORTGAGE, INC., DOES 1 – 50,<br><br>　　　　　　　　　　Defendants. | Case No. 10cv776 BTM (RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE AS MOOT** |

Defendant CitiMortgage, Inc. ("CITI") has filed a motion to dismiss [Doc. 4] and a motion to strike [Doc. 3]. Plaintiff has not filed an opposition to either motion. For the following reasons, the Court **GRANTS** the motion to dismiss and **DENIES as moot** the motion to strike.

## I. BACKGROUND[1]

This is a foreclosure case. Plaintiff alleges nine causes of action against CITI related to his home mortgage. All of his claims arise out of the origination of the loan.

Plaintiff borrowed $453,566.17 from Citicorp Trust Bank, fsb[2] (not a party in this

---

[1] The following are allegations in the Complaint and not the Court's factual findings, unless the Court states otherwise.

[2] Plaintiff alleges in the Complaint that CITI lent him the money. But the deed of trust Plaintiff attached to his Complaint contradicts him, saying that Citicorp Trust Bank, fsb was the lender. His claim that CITI was the lender is therefore untrue according to his own documents.

action) in February 2006. The note was secured by a deed of trust on his property at 558 Bear Valley Parkway, Escondido, California 92025.

Plaintiff speaks Spanish, and does not "speak, read or write English with ease." (Compl. ¶ 10.) Yet no one gave him Spanish translations of the transaction documents or disclosures at the closing of his loan. That is why Plaintiff failed to realize he could not afford it. It is unclear from the Complaint whether Plaintiff has defaulted and whether foreclosure proceedings have started.

He also sent a qualified written request ("QWR") to CITI asking for information related to his loan in January 2010. It is unclear whether CITI responded to the QWR. But in any case, Plaintiff does not allege a claim for failure to respond to it.

Plaintiff's nine causes of action are as follows: (1) declaratory relief, (2) breach of good faith and fair dealing, (3) violation of the Truth in Lending Act, (4) violation of the Real Estate Settlement Procedures Act, (5) fraud, (6) breach of fiduciary duty, (7) violation of California Civil Code § 1916.7(a)(8), (8) unfair and deceptive business practices, and (9) unconscionability. CITI moves to dismiss every claim.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). But only factual allegations must be accepted as true—not legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for

relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

In ruling on a motion to dismiss, a court may take judicial notice of matters of public record that are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## III.  DISCUSSION

All of Plaintiff's claims relate to things that happened during the origination of his loan. He alleges Defendant failed to give him Spanish translations of the loan documents, notices and disclosures. And he alleges that CITI gave him a loan he could not afford. The main problem with his Complaint is that although he alleges CITI issued the loan, the loan documents he attached to the Complaint contradict him.

The loan documents show that Citicorp Trust Bank, fsb ("Citicorp, fsb"), and not CITI, originated his loan. (Compl. Ex. A.)  According to Plaintiff's own documents, CITI had nothing to do with the loan origination. *See Walcker v. SN Commercial, LLC*, No. 06cv9, 2006 WL 3192503, at *8 (E.D. Wash. Nov. 2, 2006) (rejecting plaintiff's allegations on a motion to dismiss because they were "contradicted by the loan documents"). Although Plaintiff claims CITI is the parent company of Citicorp, fsb, and that CITI "was an alter ego of the loan vehicles sold through Citicorp Trust Bank, FSB," this claim falls well short of showing CITI is liable for the alleged violations. For one, the Court is unaware of any legal authority for alleging a bank is the "alter ego of [] loan vehicles." But even if the Court construed this allegation as claiming that Citicorp, fsb is the alter ego of CITI, Plaintiff has failed to plead the elements of an alter ego claim. *Automotriz Del Golfo De California S. A. De C. V. v. Resnick*, 47 Cal. 2d 792, 796 (1957) (two elements are unity of interest and inequitable result).

Moreover, the Plaintiff's allegation that CITI is the parent company of Citicorp, fsb is contradicted by judicially noticeable facts. Citicorp, fsb's true parent company is Citigroup,

Inc.—not Defendant CITI.[3] But even assuming CITI was the parent company of Citicorp, fsb as Plaintiff alleges, he still has not made any allegations against CITI directly or shown how CITI was responsible for the violations that allegedly occurred during the closing of his loan.

Plaintiff has failed to state a claim against CITI.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss [Doc. 4] and **DISMISSES without prejudice** Plaintiff's Complaint for failure to state a claim. The Court **DENIES as moot** the motion to strike [Doc. 3].

Plaintiff may file an amended complaint within fourteen days of the filing of this order. If Plaintiff fails to do so, the Court will enter a final judgment dismissing this case.

**IT IS SO ORDERED.**

DATED: July 9, 2010

Honorable Barry Ted Moskowitz
United States District Judge

---

[3] Defendant filed a request for judicial notice and attached a computer printout of a page from the Office of Thrift Supervision's website, which shows Citigroup, Inc. as the holding company. Plaintiff has not objected to Defendant's request for judicial notice.